**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1663
_____

JAMES RICHARDSON,
                                        Appellant

v.

DIRECTOR FOR THE FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-CV-04939)
District Judge:  Honorable Renée Marie Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed:  June 29, 2011)

_____

OPINION
_____

PER CURIAM

        James Richardson, a federal prisoner, appeals from an order of the United States

District Court for the District of New Jersey that denied his petition for a writ of

mandamus.

In his petition, Richardson, citing 42 U.S.C. § 17541(a)(1)(G), noted that the Bureau of Prisons is statutorily required to provide incentives for prisoner participation in skills development programs. Richardson attached exhibits to the petition, showing that he has completed a number of skills development programs. He also attached documentation of his unsuccessful attempts through administrative remedies to determine what incentives he would be granted for having completed these programs. His mandamus petition alleged that he has a clear right to incentives, that he has no other adequate remedy available to him, and that the Director of the Federal Bureau of Prisons is acting contrary to law by not providing incentives.

The District Court denied the petition for lack of merit. The Court stated that the statute in question "does not mandate specific incentives, nor does it require a formal list." Dist. Ct. Op. at 4. The Court determined that because 42 U.S.C. § 17541(a)(2)(B) "expressly provides that incentives include those that the Director . . . considers 'appropriate' . . . the relief Richardson actually seeks requires a discretionary determination and is not a clear cut ministerial function of the BOP." Id. at 5. The Court also stated that Richardson had "not demonstrated that he has no other remedy." Id. Richardson timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal. See Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996). Pursuant to 28 U.S.C. § 1361, a district court has jurisdiction over mandamus actions "to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is to be issued only in extraordinary circumstances, where the petitioner demonstrates that he has no alternative means to achieve the relief sought, and that he has a clear and indisputable right to the writ. Stehney, 101 F.3d at 934 & n.6.

Although the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008), requires the Attorney General and the Director of the Bureau of Prisons to establish incentives for prisoner participation in skills development programs, the statute does not require that any particular incentives be given. We agree with the District Court that because the statute grants the Bureau of Prisons wide discretion in developing incentives, mandamus relief is not available. We will therefore affirm the District Court decision.